O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDDIE JAMES OTIS ATKINS, | ) | Case No. CV 09-6640 (DTB) |
| Plaintiff, | ) | |
| vs. | ) | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| F.B. HAWS (WARDEN), et al., | ) | |
| Defendants. | ) | |

Plaintiff currently is incarcerated at California State Prison Corcoran ("CSP-Corcoran") in Corcoran, California. On September 11, 2009, he filed this pro se civil rights action. The gravamen of plaintiff's claims is that he was beaten by prison officials while housed at the California State Prison, Los Angeles County ("CSP-LAC"), which is located in Lancaster, California, and that prison officials subsequently conspired to cover up the incident and failed to properly address the resulting grievances by plaintiff, all in violation of his Eighth and Fourteenth Amendment rights. The Complaint also alleges that the defendants' conduct was caused, in part, by their unlawful discrimination against plaintiff on the basis of his sexual orientation, which plaintiff also alleges is a violation of his rights under the Fourteenth Amendment.

The Complaint purports to be brought pursuant to 42 U.S.C. § 1983. Named

in the Complaint as defendants in both their individual and official capacities are: the Warden at CSP-LAC (F.B. Haws); an L.V.N. at CSP-LAC (Jessica Buendia); five correctional officers at CSP-LAC (Jeffrey Riley, Robert Morales, Skeeter Redding, V. Perez and Brian Chambers); two lieutenants at CSP-LAC (Armando Martinez [referred to as 'sergent (sic) and lieutenant'] and Roger Mira); and the facility captain at CSP-LAC (C. Fortson).

Plaintiff purports to be seeking compensatory and punitive damages, as well as the dismissal of defendants Riley and Morales from their employment at CSP-LAC, and "preliminary and permanent injunctive relief" in the form of (a) a written apology from defendants Riley and Morales, (b) the removal from plaintiff's "R.V.R." file of any reference to the incident, (c) that the CDC "records" credit plaintiff with anytime which might have been removed from his sentence term calculation as a result of the incident, and (d) that defendant F.B.Haws enforce all rules and regulations at CSP-LAC.

In accordance with the terms of the "Prison Litigation Reform Act of 1995" ("PLRA"), the Court now has screened the Complaint prior to ordering service, for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1).

The Court's screening of the Complaint under the foregoing statutes is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Moreover, since plaintiff is appearing

pro se, the Court must construe the allegations of the Complaint liberally and must afford plaintiff the benefit of any doubt. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard ... applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir.1982)).

Pursuant to Fed. R. Civ. P. 8(a), a complaint must contain "a short and complete statement of the claim showing that the pleader is entitled to relief." As the Supreme Court recently held, Rule 8(a) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." Further, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (internal citations omitted). Thus, plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. See, e.g., Brazil v. United States Dep't of the Navy, 66 F.3d 193, 199 (9th Cir. 1995); McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). Moreover, failure to comply with Rule 8(a) constitutes an independent basis for dismissal of a complaint that applies even if the claims in a complaint are not found to be wholly without merit. See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996); Nevijel v. Northcoast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

After careful review and consideration of the Complaint under the foregoing standards, the Court finds that it suffers from the pleading deficiencies discussed below. Accordingly, the Complaint is dismissed with leave to amend. See Noll v.

Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding that a pro se litigant must be given leave to amend his complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment).  If plaintiff still desires to pursue this action, he is ORDERED to file a First Amended Complaint within thirty (30) days of the date of this Order remedying the deficiencies discussed below.

## DISCUSSION

### I. Plaintiff's allegations are insufficient to state a § 1983 claim for monetary damages against any of the named defendants in their official capacities.

In Will v. Michigan Department of State Police, 491 U.S. 58, 64-66, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989), the Supreme Court held that states, state agencies, and state officials sued in their official capacities are not persons subject to civil rights suits under 42 U.S.C. § 1983.  The Supreme Court reasoned that a suit against a state official in his or her official capacity is a suit against the official's office, and as such is no different from a suit against the State itself, which would be barred by the Eleventh Amendment.  See id. at 64-66; see also Romano v. Bible, 169 F.3d 1182, 1185 (9th Cir. 1999); Stivers v. Pierce, 71 F.3d 732, 749 (9th Cir. 1995).  In addition, "the Eleventh Amendment bars actions against state officers sued in their official capacities for past alleged misconduct involving a complainant's federally protected rights, where the nature of the relief sought is retroactive, i.e., money damages."  Bair v. Krug, 853 F.2d 672, 675 (9th Cir. 1988).

To overcome the Eleventh Amendment bar on federal jurisdiction over suits by individuals against a State and its instrumentalities, either the State must have consented to waive its sovereign immunity or Congress must have abrogated it; moreover, the State's consent or Congress' intent must be "unequivocally expressed."  See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 99-100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984).  While California has consented to be sued in its own courts pursuant to the California Tort Claims Act, such consent does not constitute

consent to suit in federal court. See BV Engineering v. Univ. of Cal., Los Angeles, 858 F.2d 1394, 1396 (9th Cir. 1988), cert. denied, 489 U.S. 1090 (1989); see also Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241, 105 S. Ct. 3142, 87 L. Ed. 2d 171 (1985) (holding that Art. III, § 5 of the California Constitution did not constitute a waiver of California's Eleventh Amendment immunity). Furthermore, Congress has not abrogated State sovereign immunity against suits under 42 U.S.C. § 1983. As plaintiff has sued all defendants im both their official and individual capacities, the complaint must be dismissed.

**II.  To the extent that plaintiff's claims against defendants F.B. Haws and C. Fortson appear to be based on their supervisory roles, plaintiff's allegations are insufficient to state a § 1983 claim against those defendants.**

It appears to the Court from its review of the Complaint that plaintiff's claims against defendants F.B. Haws and C. Fortson are based solely or in part on their supervisory roles. (See Complaint at ¶ D; Exhibit A, at 4, 5).

In order to state a claim against a particular defendant for violation of his civil rights under 42 U.S.C. § 1983, plaintiff must allege that the defendant, acting under color of state law, deprived plaintiff of a right guaranteed under the Constitution or a federal statute. See Karim-Panahi, 839 F.2d at 624. "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains].'" Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988), quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). The requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury. See Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007). In limited circumstances, a person can also be

subject to § 1983 liability for the acts of others. See id. There is no pure respondeat superior or agency liability under § 1983. See Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991), cert. denied, 502 U.S. 1074 (1992); Hansen v. Black, 885 F.2d 642, 645-46 (9th Cir. 1989). However, a supervisor can be held liable for the constitutional violations of a subordinate "if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." See Hydrick, 500 F.3d at 988 (quoting Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)).

Here, while it appears to the Court that plaintiff arguably has, for purposes of the pleading stage, alleged sufficient personal involvement by several of the defendants, to the extent that plaintiff has purported to allege that defendants F.B. Haws and C. Fortson were personally involved in the alleged beating, subsequent cover-up, denial of plaintiff's grievance and/or false incident reports against plaintiff at CSP-LAC, or set in motion a series of acts by others which they knew or reasonably should have known would cause others to inflict the constitutional injury about which plaintiff is complaining (i.e., the beating, cover-up, denial of grievance and/or creation of false incident reports), or directed such, or knew of the conduct alleged and failed to prevent it, the Court finds that his allegations are not sufficient "to raise a right to relief above the speculative level." See Twombly, 127 S. Ct. 1955 at 1964-65; see also Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (holding that, in determining whether a complaint states a claim on which relief may be granted, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

### III. **Plaintiff is not entitled to the injunctive relief that he purports to be seeking.**

In Will, the Supreme Court recognized one vital exception to the general rule that states, state agencies, and state officials sued in their official capacities are not

persons subject to civil rights suits under 42 U.S.C. § 1983. When sued for prospective injunctive relief, a state official in his official capacity is considered a "person" for § 1983 purposes. See Will, 491 U.S. at 71 n.10 ("Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'") This exception recognizes the doctrine of Ex Parte Young, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908), that a suit for prospective injunctive relief provides a narrow, but well-established, exception to Eleventh Amendment immunity. See Rounds v. Or. State Bd. of Higher Educ., 166 F.3d 1032, 1036 (9th Cir. 1999) ("Ex Parte Young provided a narrow exception to Eleventh Amendment immunity for certain suits seeking declaratory and injunctive relief against unconstitutional actions taken by state officers in their official capacities."); Flint v. Dennison, 488 F.3d 816, 825 (9th Cir. 2007); Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 840 (9th Cir. 1997).

However, plaintiff does not appear to seek any injunctive relief against any individuals which would arguably constitute a proper remedy under Will. Plaintiff is not entitled to injunctive relief requiring defendants Riley and Morales to provide him with a written apology, nor is he entitled to relief such as the curing of any alleged defects in his central file or calculating his sentence. With regard to plaintiff's prayer that defendant F.B. Haws be required to enforce all of the rules and regulations at CSP-LAC, the Court is not convinced that such a request, as framed, is an appropriate basis for injunctive relief.

*****************

If plaintiff chooses to file a First Amended Complaint, it should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original Complaint or any other pleading, attachment, or document. The clerk is directed to send plaintiff a blank Central District

1 civil rights complaint form, which plaintiff is encouraged to utilize.

2 **Plaintiff is admonished that, if he fails to timely file a First Amended Complaint, the Court will recommend that this action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.**

DATED: November 10, 2009

_____
DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE