1
2
3
4
5
6
7

O

8     UNITED STATES DISTRICT COURT
9     CENTRAL DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  EDDIE JAMES OTIS ATKINS, | )  Case No. CV 09-6640 (DTB) |
| 12              Plaintiff, | ) |
| 13      vs. | )  ORDER DISMISSING FIRST |
| 14  F.B. HAWS (WARDEN), et al., | )  AMENDED COMPLAINT WITH |
| | )  LEAVE TO AMEND |
| 15              Defendants. | ) |
| 16 | ) |

17         Plaintiff currently is incarcerated at California State Prison Corcoran ("CSP-
18    Corcoran") in Corcoran, California.  On September 11, 2009, he filed this pro se civil
19    rights action, purported to be brought pursuant to 42 U.S.C. § 1983 ("Complaint").
20    The gravamen of plaintiff's claims was that he was beaten by prison officials while
21    housed at the California State Prison, Los Angeles County (CSP-LAC), which is
22    located in Lancaster, California, and that prison officials subsequently conspired to
23    cover up the incident and failed to properly address the resulting grievances by
24    plaintiff, all in violation of his Eighth and Fourteenth Amendment rights.  The
25    Complaint also alleged that the defendants' conduct was caused, in part, by their
26    unlawful discrimination against plaintiff on the basis of his sexual orientation, which
27    plaintiff also alleged was a violation of his rights under the Fourteenth Amendment.
28         The Complaint named the following CSP-LAC employees as defendants in both

1

their individual and official capacities: Warden F.B. Haws ("Haws"); L.V.N. Jessica Buendia ("Buendia"); Correctional Officers Jeffrey Riley ("Riley"), Robert Morales ("Morales"), Skeeter Redding ("Redding"), V. Perez ("Perez") and Brian Chambers ("Chambers"); Lieutenants  Armando Martinez ("Martinez")[referred to as 'sergent (sic) and lieutenant'] and Roger Mira ("Mira"); and Captain C. Fortson ("Fortson").

In accordance with 28 U.S.C. § 1915(e)(2), the Court screened the Complaint prior to ordering service, for purposes of determining whether the action was frivolous or malicious; or failed to state a claim on which relief might be granted; or sought monetary relief against a defendant who was immune from such relief.  After careful review and consideration of the allegations of the Complaint under the relevant standards, the Court found that its allegations were insufficient to state a claim on which relief might be granted for violation of plaintiff's federal civil rights. Accordingly, on November 10, 2009, the Court issued an Order dismissing the Complaint with leave to amend.  Plaintiff was advised that if he still desired to pursue this action, he was ordered to file a First Amended Complaint within 30 days remedying the deficiencies discussed in the dismissal order.

On December 9, 2009, plaintiff filed a First Amended Complaint ("FAC") herein.  Named as defendants in the FAC are the same defendants named in plaintiff's original Complaint, with the following changes: Perez was not named in the FAC, and Chief Deputy Warden B.M. Cash ("Cash") and Correctional Officer "A Cornelius" ("Cornelius") were added as defendants, in both their official and individual capacities.  As best the Court can glean from the allegations of the FAC, the gravamen of plaintiff's claims remains essentially the same.

In accordance with the terms of the "Prison Litigation Reform Act of 1995" ("PLRA"), the Court now has screened the FAC prior to ordering service, for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. §

2

1   1997e(c)(1).

2          The Court's screening of the FAC under the foregoing statutes is governed by

3   the following standards.  A complaint may be dismissed as a matter of law for failure

4   to state a claim for two reasons:   (1) lack of a cognizable legal theory; or (2)

5   insufficient facts under a cognizable legal theory.  See Balistreri v. Pacifica Police

6   Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  In determining whether a complaint states

7   a claim on which relief may be granted, allegations of material fact are taken as true

8   and construed in the light most favorable to the plaintiff.  See Love v. United States,

9   915 F.2d 1242, 1245 (9th Cir. 1989).  Moreover, since plaintiff is appearing pro se,

10  the Court must construe the allegations of the FAC liberally and must afford plaintiff

11  the benefit of any doubt.  See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d

12  621, 623 (9th Cir. 1988).  However, "the liberal pleading standard ... applies only to

13  a plaintiff's factual allegations."  Neitze v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct.

14  1827, 104 L. Ed. 2d 338 (1989).  "[A] liberal interpretation of a civil rights complaint

15  may not supply essential elements of the claim that were not initially pled."  Bruns v.

16  Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd.

17  of Regents, 673 F.2d 266, 268 (9th Cir.1982)).

18         Pursuant to Fed. R. Civ. P. 8(a), a complaint must contain "a short and complete

19  statement of the claim showing that the pleader is entitled to relief."  As the Supreme

20  Court recently held, Rule 8(a) "requires a 'showing,' rather than a blanket assertion,

21  of entitlement to relief."  Further, "a plaintiff's obligation to provide the 'grounds' of

22  his 'entitlement to relief' requires more than labels and conclusions, and a formulaic

23  recitation of the elements of a cause of action will not do. . . . Factual allegations must

24  be enough to raise a right to relief above the speculative level."  See Bell Atlantic

25  Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007)

26  (internal citations omitted).  Thus, plaintiff must allege a minimum factual and legal

27  basis for each claim that is sufficient to give each defendant fair notice of what

28  plaintiff's claims are and the grounds upon which they rest.  See, e.g., Brazil v. United

3

1    States Dep't of the Navy, 66 F.3d 193, 199 (9th Cir. 1995); McKeever v. Block, 932

2    F.2d 795, 798 (9th Cir. 1991).  Moreover, failure to comply with Rule 8(a) constitutes

3    an independent basis for dismissal of a complaint that applies even if the claims in a

4    complaint are not found to be wholly without merit.  See McHenry v. Renne, 84 F.3d

5    1172, 1179 (9th Cir. 1996); Nevijel v. Northcoast Life Ins. Co., 651 F.2d 671, 673

6    (9th Cir. 1981).

7          After careful review and consideration of the FAC under the foregoing

8    standards, the Court finds that it suffers from the pleading deficiencies discussed

9    below.  Accordingly, the FAC is dismissed with leave to amend.  See Noll v. Carlson,

10   809 F.2d 1446, 1448 (9th Cir. 1987) (holding that a pro se litigant must be given leave

11   to amend his complaint unless it is absolutely clear that the deficiencies of the

12   complaint cannot be cured by amendment).  If plaintiff still desires to pursue this

13   action, he is ORDERED to file a Second Amended Complaint within thirty (30) days

14   of the date of this Order remedying the deficiencies discussed below.

15

16                                    **DISCUSSION**

17   **I.    Plaintiff's allegations are still insufficient to state a § 1983 claim for**

18          **monetary damages against any of the defendants in their official capacities.**

19          In Will v. Michigan Department of State Police, 491 U.S. 58, 64-66, 109 S. Ct.

20   2304, 105 L. Ed. 2d 45 (1989), the Supreme Court held that states, state agencies, and

21   state officials sued in their official capacities are not persons subject to civil rights

22   suits under 42 U.S.C. § 1983.  The Supreme Court reasoned that a suit against a state

23   official in his or her official capacity is a suit against the official's office, and as such

24   is no different from a suit against the State itself, which would be barred by the

25   Eleventh Amendment.  See id. at 64-66; see also Romano v. Bible, 169 F.3d 1182,

26   1185 (9th Cir. 1999); Stivers v. Pierce, 71 F.3d 732, 749 (9th Cir. 1995).  In addition,

27   "the Eleventh Amendment bars actions against state officers sued in their official

28   capacities for past alleged misconduct involving a complainant's federally protected

                                            4

1  rights, where the nature of the relief sought is retroactive, i.e., money damages." Bair
2  v. Krug, 853 F.2d 672, 675 (9th Cir. 1988).

3       To overcome the Eleventh Amendment bar on federal jurisdiction over suits by
4  individuals against a State and its instrumentalities, either the State must have
5  consented to waive its sovereign immunity or Congress must have abrogated it;
6  moreover, the State's consent or Congress' intent must be "unequivocally expressed."
7  See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 99-100, 104 S. Ct.
8  900, 79 L. Ed. 2d 67 (1984). While California has consented to be sued in its own
9  courts pursuant to the California Tort Claims Act, such consent does not constitute
10 consent to suit in federal court. See BV Engineering v. Univ. of Cal., Los Angeles,
11 858 F.2d 1394, 1396 (9th Cir. 1988), cert. denied, 489 U.S. 1090 (1989); see also
12 Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241, 105 S. Ct. 3142, 87 L. Ed. 2d
13 171 (1985) (holding that Art. III, § 5 of the California Constitution did not constitute
14 a waiver of California's Eleventh Amendment immunity). Furthermore, Congress has
15 not abrogated State sovereign immunity against suits under 42 U.S.C. § 1983.

16

17 **II.   To the extent that plaintiff's claims against defendants Haws, Fortson and**
18 **Cash appear to be based on their supervisory roles, plaintiff's allegations**
19 **are insufficient to state a § 1983 claim against those defendants.**

20      It appears to the Court from its review of the FAC that plaintiff's claims against
21 defendants Haws, Fortson and Cash are based solely or in part on their supervisory
22 roles. (See FAC at ¶ D; Exhibit A, at 4, 5).

23      In order to state a claim against a particular defendant for violation of his civil
24 rights under 42 U.S.C. § 1983, plaintiff must allege that the defendant, acting under
25 color of state law, deprived plaintiff of a right guaranteed under the Constitution or
26 a federal statute. See Karim-Panahi, 839 F.2d at 624. "A person deprives another 'of
27 a constitutional right, within the meaning of section 1983, if he does an affirmative
28 act, participates in another's affirmative acts, or omits to perform an act which he is

5

1  legally required to do that <u>causes</u> the deprivation of which [the plaintiff complains].'"

2  <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1988), <u>quoting</u> <u>Johnson v. Duffy</u>, 588

3  F.2d 740, 743 (9th Cir. 1978).  The requisite causal connection can be established not

4  only by some kind of direct personal participation in the deprivation, but also by

5  setting in motion a series of acts by others which the actor knows or reasonably should

6  know would cause others to inflict the constitutional injury.  <u>See</u> <u>Hydrick v. Hunter</u>,

7  500 F.3d 978, 988 (9th Cir. 2007).  In limited circumstances, a person can also be

8  subject to § 1983 liability for the acts of others.  <u>See id.</u>  There is no pure respondeat

9  superior or agency liability under § 1983.  <u>See</u> <u>Redman v. County of San Diego</u>, 942

10  F.2d 1435, 1446 (9th Cir. 1991); <u>Hansen v. Black</u>, 885 F.2d 642, 645-46 (9th Cir.

11  1989).  However, a supervisor can be held liable for the constitutional violations of

12  a subordinate "if the supervisor participated in or directed the violations, or knew of

13  the violations and failed to act to prevent them."  <u>See</u> <u>Hydrick</u>, 500 F.3d at 988

14  (quoting <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989)).

15        Here, as set forth in the Court's November 10, 2009, Order, while it appears to

16  the Court that plaintiff arguably has, for purposes of the pleading stage, alleged

17  sufficient personal involvement by several of the defendants, to the extent that

18  plaintiff has purported to allege that defendants Haws, Fortson and Cash were

19  personally involved in the alleged beating, subsequent cover-up, denial of plaintiff's

20  grievance and/or false incident reports against plaintiff at CSP-LAC, or set in motion

21  a series of acts by others which they knew or reasonably should have known would

22  cause others to inflict the constitutional injury about which plaintiff is complaining

23  (i.e., the beating, cover-up, denial of grievance and/or creation of false incident

24  reports), or directed such, or knew of the conduct alleged and failed to prevent it, the

25  Court finds that his allegations are not sufficient "to raise a right to relief above the

26  speculative level."  <u>See</u> <u>Twombly</u>, 127 S. Ct. 1955 at 1964-65; <u>see also</u> <u>Papasan v.</u>

27  <u>Allain</u>, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (holding that, in

28  determining whether a complaint states a claim on which relief may be granted, courts

1    "are not bound to accept as true a legal conclusion couched as a factual allegation").

2

3    **III.**    **The allegations of the FAC are insufficient to state a claim based on**

4           **plaintiff's assignment to the special housing unit.**

5       As best the Court can glean from the allegations in the FAC, plaintiff is also

6 alleging that his constitutional rights were violated by, inter alia, his housing in a

7 secured housing unit ("SHU").  (FAC at 5.)

8       The guarantees of procedural due process under the Fifth and Fourteenth

9 Amendments apply only when a constitutionally protected liberty or property interest

10 is at stake.  <u>See</u> <u>Ingraham v. Wright</u>, 430 U.S. 651, 672, 97 S. Ct. 1401, 51 L. Ed. 2d

11 711 (1977); <u>Board of Regents of State Colleges v. Roth</u>, 408 U.S. 564, 569, 92 S. Ct.

12 2701, 33 L. Ed. 2d 548 (1972); <u>Erickson v United States</u>, 67 F.3d 858, 861 (1995).

13 In the prison context, the Supreme Court has held that the Constitution does not

14 protect a prisoner's alleged liberty interest where the sanction "is within the normal

15 limits or range of custody which the conviction has authorized the State to impose."

16 <u>See</u> <u>Meachum v. Fano</u>, 427 U.S. 215, 225, 96 S. Ct. 2532, 49 L. Ed. 2d 451 (1976).

17 Constitutionally protected liberty interests "will be generally limited to freedom from

18 restraint which, while not exceeding the sentence in such an unexpected manner as to

19 give rise to protection by the Due Process Clause of its own force, nonetheless

20 imposes atypical and significant hardship on the inmate in relation to the ordinary

21 incidents of prison life."  <u>Sandin v. Connor</u>, 515 U.S. 472, 483-84, 115 S. Ct. 2293,

22 132 L. Ed. 2d 418 (1995); <u>see</u> <u>also</u> <u>Montanye v. Haymes</u>, 427 U.S. 236, 96 S. Ct.

23 2543, 49 L. Ed. 2d 466 (1976) ("As long as the conditions or degree of confinement

24 to which the prisoner is subjected is within the sentence imposed upon him and is not

25 otherwise violative of the Constitution, the Due Process Clause does not in itself

26 subject an inmate's treatment by prison authorities to judicial oversight.").  Thus, to

27 the extent that plaintiff is complaining about his placement in the SHU, his allegations

28 are insufficient to state a federal civil rights claim.  <u>See</u> <u>Hewitt v. Helms</u>, 459 U.S.

1    460, 466-70, 103 S. Ct. 864, 74 L. Ed. 2d 675 (1983) (holding that a prisoner does not

2    have constitutionally protectible liberty interest in remaining in the general prison

3    population); Mujahid v. Meyer, 59 F.3d 931, 932 (9th Cir. 1995) (holding that placing

4    a prisoner in disciplinary segregation for 14 days for violating prison regulations did

5    not violate a constitutionally protected liberty interest); Bonner v. Parke, 918 F. Supp.

6    1264, 1270 (N.D. Indiana 1996) (holding that placing a prisoner in disciplinary

7    segregation for 3 years as discipline for fighting was not an atypical and significant

8    hardship in relation to the ordinary incidents of prison life).

9

10   **IV.    Plaintiff is not entitled to most of the injunctive relief that he purports to**

11           **be seeking.**

12           In Will, the Supreme Court recognized one vital exception to the general rule

13   that states, state agencies, and state officials sued in their official capacities are not

14   persons subject to civil rights suits under 42 U.S.C. § 1983.   When sued for

15   prospective injunctive relief, a state official in his official capacity is considered a

16   "person" for § 1983 purposes.  See Will, 491 U.S. at 71 n.10 ("Of course a state

17   official in his or her official capacity, when sued for injunctive relief, would be a

18   person under § 1983 because 'official-capacity actions for prospective relief are not

19   treated as actions against the State.'"   This exception recognizes the doctrine of Ex

20   Parte Young, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908), that a suit for

21   prospective injunctive relief provides a narrow, but well-established, exception to

22   Eleventh Amendment immunity.  See Rounds v. Or. State Bd. of Higher Educ., 166

23   F.3d 1032, 1036 (9th Cir. 1999) ("Ex Parte Young provided a narrow exception to

24   Eleventh Amendment immunity for certain suits seeking declaratory and injunctive

25   relief against unconstitutional actions taken by state officers in their official

26   capacities."); Flint v. Dennison, 488 F.3d 816, 825 (9th Cir. 2007); Doe v. Lawrence

27   Livermore Nat'l Lab., 131 F.3d 836, 840 (9th Cir. 1997).

28           However, plaintiff does not appear to seek any injunctive relief against any

8

1  individuals which would arguably constitute a proper remedy under <u>Will</u>.  Plaintiff is
2  not entitled to injunctive relief requiring defendants Riley and Morales to be dismissed
3  from their positions at the California Department of Corrections, as requested.

6  ⁎⁎⁎⁎⁎⁎⁎⁎⁎⁎⁎⁎⁎⁎⁎⁎⁎⁎

7       If plaintiff chooses to file a Second Amended Complaint, it should bear the
8  docket number assigned in this case; be labeled "Second Amended Complaint"; and
9  be complete in and of itself without reference to either the original Complaint or any
10 other pleading, attachment, or document.  The clerk is directed to send plaintiff a blank
11 Central District civil rights complaint form, which plaintiff is encouraged to utilize.

12      **Plaintiff is admonished that, if he fails to timely file a Second Amended**
13 **Complaint, the Court will recommend that this action be dismissed with prejudice**
14 **on the grounds set forth above and for failure to diligently prosecute.**

16 DATED: January 27, 2010

19                               DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

_____
FULL NAME

_____
COMMITTED NAME (if different)

_____
FULL ADDRESS INCLUDING NAME OF INSTITUTION

_____

_____
PRISON NUMBER (if applicable)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| PLAINTIFF, | CASE NUMBER |
|  | _____ |
|  | *To be supplied by the Clerk* |
| v. | **CIVIL RIGHTS COMPLAINT** |
|  | **PURSUANT TO** *(Check one)* |
| DEFENDANT(S). | ☐ 42 U.S.C. § 1983 |
|  | ☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971) |

## A.  PREVIOUS LAWSUITS

1.  Have you brought any other lawsuits in a federal court while a prisoner:  ☐ Yes    ☐ No

2.  If your answer to "1." is yes, how many? _____

Describe the lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

a.  Parties to this previous lawsuit:

Plaintiff _____

_____

Defendants _____

_____

b.  Court _____

_____

c.  Docket or case number _____

d.  Name of judge to whom case was assigned _____

e.  Disposition (For example:  Was the case dismissed?  If so, what was the basis for dismissal?  Was it appealed?  Is it still pending?) _____

f.  Issues raised: _____

_____

_____

g.  Approximate date of filing lawsuit: _____

h.  Approximate date of disposition _____

## B.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

1.  Is there a grievance procedure available at the institution where the events relating to your current complaint occurred?  ☐ Yes    ☐ No

2.  Have you filed a grievance concerning the facts relating to your current complaint?  ☐ Yes    ☐ No

If your answer is no, explain why not _____

_____

_____

3.  Is the grievance procedure completed?  ☐ Yes    ☐ No

If your answer is no, explain why not _____

_____

4.  Please attach copies of papers related to the grievance procedure.

## C.  JURISDICTION

This complaint alleges that the civil rights of plaintiff _____

(print plaintiff's name)

who presently resides at _____ ,

(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

_____

(institution/city where violation occurred)

on (date or dates) _____, _____, _____.
　　　　　　　　　　　　 (Claim I)　　　　　　　 (Claim II)　　　　　　　 (Claim III)

**NOTE**:　　You need not name more than one defendant or allege more than one claim. If you are naming more than
　　　　　　　five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.　Defendant _____ resides or works at
　　　　　　　　　(full name of first defendant)

　　　　　　　　_____
　　　　　　　　　(full address of first defendant)

　　　　　　　　_____
　　　　　　　　　(defendant's position and title, if any)

　　The defendant is sued in his/her (Check one or both): ☐ individual　☐ official capacity.

　　Explain how this defendant was acting under color of law:

　　_____
　　_____

2.　Defendant _____ resides or works at
　　　　　　　　　(full name of first defendant)

　　　　　　　　_____
　　　　　　　　　(full address of first defendant)

　　　　　　　　_____
　　　　　　　　　(defendant's position and title, if any)

　　The defendant is sued in his/her (Check one or both): ☐ individual　☐ official capacity.

　　Explain how this defendant was acting under color of law:

　　_____
　　_____

3.　Defendant _____ resides or works at
　　　　　　　　　(full name of first defendant)

　　　　　　　　_____
　　　　　　　　　(full address of first defendant)

　　　　　　　　_____
　　　　　　　　　(defendant's position and title, if any)

　　The defendant is sued in his/her (Check one or both): ☐ individual　☐ official capacity.

　　Explain how this defendant was acting under color of law:

　　_____
　　_____

4.  Defendant _____ resides or works at
    _____(full name of first defendant)_____

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____


5.  Defendant _____ resides or works at
    _____(full name of first defendant)_____

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____

**D. CLAIMS\***

**CLAIM I**

The following civil right has been violated:

_____

_____

_____

_____

_____

_____

_____

_____

_____

Supporting Facts:  Include all facts you consider important.  State the facts clearly, in your own words, and without citing legal authority or argument.  Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

*\*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

**E. REQUEST FOR RELIEF**

I believe that I am entitled to the following specific relief:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


_____            _____
        *(Date)*                                  *(Signature of Plaintiff)*