1

2

O

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9          CENTRAL DISTRICT OF CALIFORNIA

10

11  EDDIE JAMES OTIS ATKINS,      )  Case No. CV 09-6640-DSF (DTB)
                                   )
12              Plaintiff,         )
                                   )
13       vs.                       )  ORDER DENYING PLAINTIFF'S
                                   )  MOTION FOR RELIEF FROM
14  F.B. HAWS (WARDEN), et al.,    )  JUDGMENT UNDER RULE 60(b)
                                   )
15              Defendants.        )
                                   )
16  ───────────────────────────   )

17                       **PROCEEDINGS**

18          On November 12, 2009, plaintiff, a California State prisoner, filed a <u>pro se</u> civil

19  rights Complaint pursuant to 42 U.S.C. § 1983, after being granted leave to proceed

20  in forma pauperis.  The gravamen of plaintiff's claims was that he was beaten by

21  prison officials while housed at the California State Prison, Los Angeles County

22  ("CSP-LAC"), which is located in Lancaster, California, and that prison officials

23  subsequently conspired to cover up the incident and failed to properly address

24  plaintiff's resulting grievances, all in violation of his Eighth and Fourteenth

25  Amendment rights.  The Complaint also alleged that defendants' conduct was caused,

26  in part, by their unlawful discrimination against plaintiff on the basis of his sexual

27  / / /

28  / / /

                                    1

orientation, which plaintiff alleged violated his rights under the Fourteenth Amendment.  A number of prison officials were named in their official and individual capacities.

After its initial screening of the Complaint, on November 10, 2009, the Court dismissed the same with leave to amend.  On December 9, 2009, plaintiff filed a First Amended Complaint ("FAC"), which the Court again screened, and which, on January 27, 2010, the Court dismissed with leave to amend for again failing to state a claim upon which relief could be granted.  On February 5, 2010, plaintiff filed a Second Amended Complaint ("SAC").  Again, the Court screened the SAC and, on February 26, 2010, the Court dismissed the SAC with leave to amend for failure to state a claim. On April 12, 2010, plaintiff filed a Third Amended Complaint ("TAC").  Prior to the Court's screening of the TAC, plaintiff withdrew the same and filed a Fourth Amended Complaint ("4thAC") on May 3, 2010.  Named in the 4thAC as defendants in their individual capacities only were: Correctional Officers Jeffrey Riley ("Riley") and Robert Morales ("Morales"); and "Sergeant and Lieutenant" Armondo Martinez ("Martinez").  The allegations of the 4thAC remained essentially the same as those alleged in the Complaint, the FAC, the SAC, and the TAC, to wit: Plaintiff alleged that the defendants used excessive force and discriminated against him on the basis of his sexual orientation, and that they were subsequently indifferent to his medical needs.  On May 14, 2010, the Court ordered the 4thAC to be served on defendants Riley, Morales, and Martinez.  After one extension of time, on November 22, 2010, defendants filed a Motion to Dismiss the 4thAC ("Motion to Dismiss") on the grounds that: (1) Plaintiff had failed to exhaust his administrative remedies as to each claim; (2) plaintiff had failed to assert a cognizable claim of excessive force as to the March 13, 2008, incident; (3) plaintiff had failed to assert a cognizable claim for an equal protection violation under the Fourteenth Amendment; and (4) plaintiff had failed to demonstrate he was entitled to injunctive relief in this matter.  Plaintiff filed his Opposition ("Opp.") to the Motion on December 6, 2010.  On September 19, 2011,

plaintiff filed a Notice of Change of Plaintiff Information, informing the Court that he was scheduled to be released from prison on September 25, 2011. Plaintiff further informed the Court that his new address and email would be updated with a contact phone number within 72 hours. However, plaintiff never filed a notice of change of address with the Court as required by Central District of California Local Rule ("Local Rule") 41-6, or otherwise confirmed with the Court that he had been released from prison, or that his address had changed. On March 20, 2012, the Court issued its Report and Recommendation ("R&R") wherein it recommended that the Motion to Dismiss be granted, and that the action be dismissed without prejudice on the basis that plaintiff had failed to exhaust his administrative remedies prior to filing the action. On April 5, 2012, the Court received its R&R returned from the institution marked as "Return to Sender Not at Facility." Based on the return of plaintiff's mail, it appeared to the Court that plaintiff had been released as he previously advised; however, as noted, plaintiff never updated his contact information as required by Local Rule 41-6, and the only address on file remained that of CSP-LAC, where plaintiff was last housed. Thereafter, on May 3, 2012, the District Court accepted the Magistrate Judge's Findings, Conclusions and Recommendations, and entered Judgment dismissing this action without prejudice.

On January 16, 2013, plaintiff filed a "Change of Address and Notice of Request to Continueance [sic], and Request for the Court to Overturn it [sic] Order for Case to Be Closed," which the Court construes as a Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b) ("Motion"). The Court has now reviewed and considered the Motion and, as set forth herein, denies the same.

/ / /

/ / /

/ / /

/ / /

/ / /

3

**PLAINTIFF'S MOTION**

In his Motion, plaintiff advises the Court that he was released from prison and placed on parole supervision on August 25, 2011. (Motion at 1.) Thereafter, he was placed in numerous drug treatment programs. (Id.) Plaintiff alleges that these drug treatment programs restricted his ability to contact the courts. (Id.) From August 25, 2011 through March 2012, plaintiff alleges that he was placed in various "hospitalizations," and from March 2012 through August 8, 2012, he was "proactive" in his medical, housing, and financial issues. (Id.) On August 9, 2012, plaintiff was arrested on a parole violation, apparently arising out of a new criminal charge. (Id.) Although plaintiff does not expressly state he was convicted of the violation, he avers that he was subsequently incarcerated, and that he is currently scheduled for release from prison on August 9, 2013. (Id.) Plaintiff requests that the Court review its decision to dismiss his 4thAC, but presents no new facts or law in the Motion as a basis for his request for relief from the Judgment dismissing the action.

Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) [M]istake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . .; or (6) any other reason justifying relief from the operation of the judgment.

/ / /
/ / /
/ / /
/ / /

4

1    Rule 60(b)(6) is a "catch-all provision" that allows a court to vacate a judgment
2    "for any other reason justifying relief." <u>Lehman v. U.S.</u>, 154 F.3d 1010, 1017 (9th
3    Cir. 1998).   The Ninth Circuit has cautioned that Rule 60(b)(6) is to be "used
4    sparingly as an equitable remedy to prevent manifest injustice and is to be utilized
5    only where extraordinary circumstances prevented a party from taking timely action
6    to prevent or correct an erroneous judgment." <u>Harvest v. Castro</u>, 531 F.3d 737, 749
7    (9th Cir. 2008) (quoting <u>Latshaw v. Trainer Wortham & Co.</u>, 452 F.3d 1097, 1103
8    (9th Cir. 2006)).   In this regard, "a party seeking to reopen a case under Rule 60(b)(6)
9    must demonstrate both injury and circumstances beyond his control that prevented
10   him from proceeding with the prosecution or defense of the action in a proper
11   fashion." <u>Id.</u> (internal quotations omitted).   While Rule 60(b)(6) does not particularize
12   any factors that must be met before relief is proper, the Supreme Court has also
13   cautioned that Rule 60(b)(6) should be used sparingly and only under "extraordinary
14   circumstances." <u>Liljeberg v. Health Services Acquisition Corp.</u>, 486 U.S. 847, 864,
15   108 S. Ct. 2194, 100 L. Ed. 2d 855 (1988).

16   Here, plaintiff has failed to set forth a specific basis upon which he seeks relief,
17   and the Court can discern no basis upon which relief would be warranted.   There is
18   no basis for Rule 60(b) relief on the grounds of newly discovered evidence, or based
19   upon any alleged misconduct by the prosecution.   Fed. R. Civ. P. 60(b)(1)-(3).   Nor
20   has plaintiff identified any reason to declare the Order void or any intervening
21   circumstances that render the Order no longer equitable. Fed. R. Civ. P. 60(b)(4),(5).
22   Finally, petitioner has failed to identify any extraordinary circumstances which might
23   warrant relief under Fed. R. Civ. P. 60(b)(6).

24   The Court dismissed plaintiff's action without prejudice after finding that he
25   had failed to properly exhaust his administrative remedies with respect to the claims
26   raised in the 4thAC.   While plaintiff essentially requests that the Court reconsider its
27   dismissal of his action, ostensibly because of the difficulties he encountered in his
28   residential treatment and parole, he has failed to set forth any basis which would alter

1   the conclusion of the District Court that he failed to exhaust his administrative

2   remedies prior to filing this action.  Plaintiff has therefore failed to set forth a proper

3   basis under Rule 60(b) for relief from the Court's dismissal of this action.

4           For the foregoing reasons, plaintiff's Motion is denied.

5                           3/5/13

6   DATED:    _____

7

8                                                   _____

9                                                   DALE S. FISCHER
                                                    UNITED STATES DISTRICT JUDGE
10

11  Presented by:

12

13  _____

14  David T. Bristow
    United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6